## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Cheryl Yvonne Wilson,
    Plaintiff

    vs                           Case   No.   1:07-cv-436-MRB-TSH
                                        (Barrett, J.; Hogan, M. J.)
Dayton Daily News Cox Ohio
Cox Ohio Publishing Co., et. al.,
    Defendants

## REPORT AND RECOMMENDATION

       This matter is before the Court on Defendant Dayton Newspapers Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 18), pro se Plaintiff Cheryl Wilson's Motion to Dismiss (Doc. 36), and Plaintiff's Notice of Voluntary Dismissal. (Doc. 39).

       Defendants seek dismissal of plaintiff's amended complaint for three reasons. First, Defendants argue that plaintiff's claims related to her 2004 and 2005 EEOC charges were not timely filed and should therefore be dismissed. Second, defendants contend that to the extent plaintiff seeks to assert claims against individually named defendants, such claims are barred because under the federal discrimination statutes individuals cannot be held personally liable. Third, defendants contend that plaintiff's allegations related to her 2007 EEOC charge fail to state a claim for which relief can be granted under either Title VII or the ADA.

       When ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in a light most favorable to the non-moving party. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998). Also, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, --- U.S. ----, 127

S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atl. Corp. v. Twombly,* ---
U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citations omitted)). *See
also, NicSand, Inc. v. 3M Co.,* 507 F.3d 442 (6th Cir.2007)(en banc)("viewing a
complaint "through the prism of Rule 12(b)(6) [requires] us to accept all of its
allegations and all reasonable inferences from them as true") (citing *Mich. Paytel
Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir.2002)). When reviewing
a Rule 12(b)(6) motion to dismiss, the Court must "determine whether the plaintiff
can prove a set of facts in support of [her] claims that would entitle [her] to relief."
*Daubenmire v. City of Columbus*, 507 F.3d 383, 387-88 (6th Cir.2007) (quoting
*Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.2001)). In order to
preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or
inferential allegations which comprise all of the essential, material elements necessary
to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business
Services, Inc.*, 135 F.3d 389, 406 (6th Cir.1998).

Pro se plaintiff Cheryl Wilson initiated this action with the filing of a complaint
on June 4, 2007. (Doc. 1). Following a scheduling conference with the Court (Docs.
9, 10), plaintiff filed an Amended Complaint on September 7, 2007. (Doc. 13).
Plaintiff's Amended Complaint is somewhat difficult to understand, however, the
Court construes it to allege claims of race and or disability discrimination, and
retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended in
1991, 42 U.S.C. § 2000e et. seq., and the Americans with Disabilities Act (ADA), 29
U.S.C. § 621 et. seq. In support of her claims, plaintiff has attached various
documents to her Complaint and Amended Complaint, including three separate Right
to Sue Notices dated May 15, 2005, February 14, 2006, and March 8, 2007,
respectively. (Doc. 1, Complaint, att. 5).

Under Title VII and the ADA, an employment discrimination suit must be filed
within ninety days of the plaintiff's receipt of a right to sue letter from the EEOC. 42
U.S.C. § 2000e-5(f)(1). Failure to bring suit within the proscribed ninety day period
is grounds for dismissal, absent a showing that the late filing is subject to waiver,
estoppel, or equitable tolling. *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96
(1990); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Federal courts
have strictly enforced Title VII's ninety day statutory limit. *Graham-Humphreys v.
Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000); *Williams v.
Sears, Roebuck & Co.*, 143 F. Supp.2d 941, 944 (W.D. Tenn. 2001). The Supreme
Court has made clear that Title VII's procedural requirements, including the ninety
day limitations period, "are not to be disregarded by courts out of a vague sympathy

for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)(*per curiam*). Rigid enforcement of the limitations period is favored by the courts because, "experience teaches that strict adherence to the procedural requirements is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Thus, all parties, including pro se litigants, must comply with these statutory filing time limits. *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998).

The Sixth Circuit has held that the ninety day limitations period begins running five days after the EEOC's mailing of a right to sue letter. *Graham-Humphreys*, 209 F.3d at 557-58 (citing *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 325-27 (6th Cir. 1988)). The Circuit's rule is based on a presumption that delivery and receipt of the notice occurs within the five day duration. Thus, unless the plaintiff rebuts the presumption with proof that she did not receive notification within that period, the window for initiating litigation closes ninety-five days after mailing. *Id.* at 558.

In the present case, the EEOC issued three separate Right to Sue Notices which were mailed to plaintiff on May 15, 2005, February 14, 2006, and March 8, 2007, respectively. Plaintiff makes no claim that she did not receive the notices within the presumptive five day period. Her complaint was filed in this Court on June 4, 2007. Thus, any claims based on the 2004 and 2005 EEOC charges which resulted in the issuance of the Right to Sue Notices on May 15, 2005 and February 14, 2006 are untimely and are therefore barred. Plaintiff has failed to make any showing that the late filing of claims stemming from there charges is subject to waiver, estoppel, or equitable tolling. *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Accordingly, defendants' motion to dismiss should be granted with respect to plaintiff's claims arising out of her 2004 and 2005 EEOC charges.

Defendants' argument that plaintiff's claims against individually defendants named defendants are precluded under Title VII and the ADA is equally well-taken. Neither Title VII nor the ADA give rise to personal liability against named supervisors or other agent of the employer. *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *Hiler v. Brown*, 177 F.3d 542, 545-46 (6th Cir. 1999). Thus, to the extent that plaintiff has named Mr. Weldon, Mr. Thurman, Ms. Tansky and Ms. Lewis as individual defendants, plaintiff's claims against them should be dismissed.

3

Finally, defendants contend that plaintiff's Amended Complaint fails to state a claim under either Title VII or the ADA. Liberally construing pro se plaintiff's allegations, including the documents she attached to her original complaint, it is arguable that she has alleged facts sufficient to state claims for race and or disability discrimination. However, because plaintiff seeks to voluntarily dismiss her claims, the Court need not reach this issue. (See Docs. 36, 37, 39, 40). Accordingly, to the extent that the Amended Complaint sets forth any claims against Dayton Newspapers, Inc. arising under plaintiff's 2007 EEOC charge, plaintiff's motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) should be granted.

**IT IS THEREFORE RECOMMENDED THAT:** Defendants' Motion to Dismiss (Doc. 18) be GRANTED IN PART; Plaintiff's Motion to Dismiss (Doc. 36) and Notice of Voluntary Dismissal (Doc. 39) be GRANTED in part; the remaining motions pending before the Court be DENIED AS MOOT; and this action be dismissed from the docket of this Court.

Timothy S. Hogan
United States Magistrate Judge

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Cheryl Yvonne Wilson,
     Plaintiff

      vs                       Case No. 1:07-cv-436-MRB-TSH
                                    (Barrett, J.; Hogan, M. J.)

Dayton Daily News Cox Ohio
Cox Ohio Publishing Co., et. al.,
     Defendants

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable
Timothy S. Hogan, United States Magistrate Judge, which was filed on 5-15-08 .
Any party may object to the Magistrate's findings, recommendations, and report
within (10) days after being served with a copy thereof or further appeal is waived.
*See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file
with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a
written Motion to Review which shall specifically identify the portions of the
proposed findings, recommendations, or report to which objection is made along
with a memorandum of law setting forth the basis for such objection, (such parties
shall file with the Clerk a transcript of the specific portions of any evidentiary
proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings,
Recommendations and Report, all other parties shall respond to said Motion to
Review within ten (10) days after being served a copy thereof.

5

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cheryl Wilson
4521 Poppy Dr.
PO Box 1641
Middletown OH 45042-1641

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7007 1490 0001 0562 6783

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509

1:07cv436   Doc. 41