**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Cheryl Yvonne Wilson,

     Plaintiff,

          v.                         Case No.  1:07cv436

Dayton Daily News Cox Ohio           Judge Michael R. Barrett
Cox Ohio Publishing Co., et al,

     Defendant.

## ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge Hogan as to Defendant Dayton Newspapers Inc.'s[1] Motion to Dismiss Plaintiff's Amended Complaint (Doc. 18), Plaintiff's Motion to Dismiss (Doc. 36), and Plaintiff's Notice of Voluntary Dismissal (Doc. 39).

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner.  See United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  Plaintiff filed objections on May 20, 2008 (Doc. 43).  Defendant Dayton Newspapers filed a response (Doc. 44) to which Plaintiff replied (Doc. 45).

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...."  Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject

---

[1]Plaintiff named Dayton Daily News Cox Ohio Cox Ohio Publishing Co. as a Defendant in this matter.  Defendant asserts that its proper name is Dayton Newspapers, Inc.  For clarity, the Court will address the Defendant as Dayton Newspapers, Inc.

or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B).   General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.

In this case, Plaintiff's objections are general.  In fact, she merely asserts that she plans to retain counsel and then restates her claims.  However, in reply to Defendant's response, she does admit that she is not objecting to the granting of her voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2), only the granting of Defendant's motion to dismiss.

Having reviewed this matter pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be correct.  The law of this circuit is clear, a plaintiff must file suit within 90 days of his or her receipt of a Right to Sue Notice from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1)*; Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).  As to the May 15, 2005 and February 14, 2006 Right to Sue Notices, Plaintiff failed to file suit within the statutory defined period, waiting instead until June 4, 2007.  Thus, Plaintiff may not now bring claims as they relate to those Right to Sue Notices.  Additionally, neither Title VII nor the ADA provide an avenue for personal liability against supervisors or other employees or agents of an employer.  *Wathen v. General Electric Co.,* 115 F.3d 400, 405 (6th Cir. 1997); See also, *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001); *Sullivan v. River Valley Sch. Dist.,* 197 F.3d 804, FN1 (6th Cir. 1999).  Thus, Plaintiff can not assert a claim against the individual defendants.

As to the Title VII and ADA claims arising from the March 8, 2007 Right to Sue

2

Notice from the EEOC against Defendant Dayton Newspaper, Inc., this claim is dismissed pursuant to Plaintiff's request (Docs. 36 and 39) and Fed. R. Civ. P. 41(a)(2).

Accordingly, it is ORDERED that the Report and Recommendation of the Magistrate Judge is hereby ADOPTED.  The Motion to Dismiss of Defendant Dayton Newspaper, Inc. (Doc. 18) is GRANTED, IN PART and Plaintiff's Motion to Dismiss (Doc. 36) and Notice of Voluntary Dismissal (Doc. 39) is GRANTED, IN PART.  The remaining motions pending before the Court (Docs. 16, 22, 23, 24, 30, 31, 35, and 37) are DENIED as MOOT and the Clerk of Court is directed to TERMINATE this matter from the docket of this Court.

**IT IS SO ORDERED.**

s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court

3